Yongmoon Kim, Esq.
KIM LAW FIRM LLC
411 Hackensack Avenue, Suite 200
Hackensack, New Jersey 07601
Tel. & Fax: 201-273-7117

Philip D. Stern, Esq.
Andrew T. Thomasson, Esq.
STERN•THOMASSON LLP
2816 Morris Avenue, Suite 30
Union, NJ 07083-4870
Telephone: (973) 379-7500

*Attorneys for Plaintiff, Richard Dickon, and all others similarly situated*

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| RICHARD DICKON, an individual; on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>RUBIN & ROTHMAN, LLC, a New York Limited Liability Company; and JOHN AND JANE DOES 1 THROUGH 25,<br><br>Defendant. | **CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, RICHARD DICKON ("Plaintiff") on behalf of himself and all others similarly situated, and demanding a trial by jury, brings this action for the illegal practices of Defendants, RUBIN & ROTHMAN, LLC ("RUBIN & ROTHMAN") and JOHN AND JANE DOES 1 THROUGH 25 (collectively "Defendants"), and alleges the following:

**I. PARTIES**

1. Plaintiff is a natural person.

2. At all times relevant to this lawsuit, Plaintiff was a citizen of the State of New

Jersey and resided in Bergen County, New Jersey.

3. At all times relevant to this complaint, RUBIN & ROTHMAN is a Limited Liability Company existing pursuant to the laws of the State of New York.

4. RUBIN & ROTHMAN maintains its principal business address at 1787 Veterans Highway, Suite 32, Village of Islandia, Suffolk County, New York.

5. Defendants, JOHN AND JANE DOES NUMBERS 1 THROUGH 25, are sued under fictitious names as their true names and capacities are yet unknown to Plaintiff. Plaintiff will amend this complaint by inserting the true names and capacities of these DOE defendants once they are ascertained.

6. The Plaintiff is informed and believes, and on that basis alleges, that Defendants, JOHN AND JANE DOES NUMBERS 1 THROUGH 25, are natural persons and/or business entities all of whom reside or are located within the United States who personally created, instituted, and, with knowledge that such practices were contrary to law, acted consistent with, oversaw, and engaged in the illegal policies and procedures, used by themselves and RUBIN & ROTHMAN employees that are the subject of this complaint. Those Defendants personally control and engaged in the illegal acts, policies, and practices utilized by RUBIN & ROTHMAN and, therefore, are personally liable for all of the wrongdoing alleged in this Complaint.

## II. JURISDICTION & VENUE

7. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8. Venue is appropriate in this federal district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events giving rise to the claims of Plaintiff occurred within this federal judicial district, and because the Defendants are subject to personal jurisdiction in the

State of New Jersey at the time this action is commenced.

### III.  PRELIMINARY STATEMENT

9. Plaintiff, on his own behalf and on behalf of the class he seeks to represent, brings this action for the illegal practices of Defendants which include, *inter alia*, using false, deceptive, misleading, unfair, and unconscionable practices in connection with their attempt to collect an alleged debt from Plaintiff and others.

10. Plaintiff alleges that Defendants' collection practices violate the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.* ("FDCPA").

11. The FDCPA regulates the behavior of debt collectors attempting to collect a debt on behalf of another. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. 15 U.S.C. §§ 1692(a) & 1692(b). Consequently, Congress adopted the FDCPA with the "express purpose to eliminate abusive debt collection practices by debt collectors, and to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573 (2010) (internal quotes omitted); *Lesher v. Law Offices of Mitchell N. Kay, P.C.*, 650 F.3d 993, 996 (3d Cir. 2011); 15 U.S.C. § 1692(e).

12. The Act is not concerned with whether the consumer owes the debt, rather, "[a] basic tenet of the Act is that all consumers, even those who have mismanaged their financial affairs resulting in default on their debt, deserve the right to be treated in a reasonable and civil manner." *FTC v. Check Investors, Inc.*, 502 F.3d 159, 165 (3d Cir. 2007)(internal citations omitted).

13. "Congress also intended the FDCPA to be self-enforcing by private attorney generals." *Weiss v. Regal Collections*, 385 F.3d 337, 345 (3d Cir. 2004).

14. The FDCPA is construed broadly so as to effectuate its remedial purposes and a debt collector's conduct is judged from the standpoint of the "least sophisticated consumer," *Brown v. Card Serv. Ctr*, 464 F.3d 450, 453n1 (3d Cir. 2006). In this way, "the FDCPA protects all consumers, the gullible as well as the shrewd." *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993). For example, a "debt collection letter is deceptive where it can be reasonably read to have two or more different meanings, one of which is inaccurate." *Id.* at 455.

15. Except where the Act expressly makes knowledge or intent an element of the violation, the "FDCPA is a strict liability statute." *Allen ex rel. Martin v. LaSalle Bank, N.A.*, 629 F.3d 364, 368 (3d Cir. 2011) (citing in footnote 7, supporting authorities from the Second, Seventh, Ninth and Eleventh Circuits).

16. In prohibiting deceptive practices, the FDCPA, at 15 U.S.C. § 1692e, outlaws the use of false, deceptive, and misleading collection practices and names a non-exhaustive list of certain *per se* violations of false and deceptive collection conduct. 15 U.S.C. §§ 1692e(1)-(16). Among the *per se* violations prohibited by that section are: false representations concerning the character, amount, or legal status of any debt, 15 U.S.C. §1692e(2)(A); using a false representation or implication that any individual is an attorney or that any communication is from an attorney, 15 U.S.C. § 1692e(3); the threat to take any action that cannot legally be taken or that is not intended to be taken, 15 U.S.C. § 1692e(5); and using any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer, 15 U.S.C. § 1692e(10).

17. To prohibit unconscionable and unfair practices, the FDCPA at 15 U.S.C. § 1692f, outlaws the use of unfair or unconscionable means to collect or attempt to collect any debt and names a non-exhaustive list of certain *per se* violations of unconscionable and unfair collection conduct. 15 U.S.C. §§ 1692f (1)-(8). Included among the *per se* violations prohibited in this section are the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly permitted by law, 15 U.S.C. § 1692f (1).

18. A debt collector who violates any provision of the FDCPA is liable for "additional damages" (also called "statutory damages") up to $1,000.00, and attorney's fees and costs. 15 U.S.C. § 1692k(a). The absence of actual damages is not a bar to such actions as "Congress may enact statutes creating legal rights, the invasion of which creates standing, even though no injury would exist without the statute." *Linda R.S. v. Richard D.*, 410 U.S. 614, 617 n3 (1973).

19. The FDCPA applies to lawyers regularly engaged in consumer debt-collection litigation. *Heintz v. Jenkins*, 514 U.S. 291 (1995). The FDCPA creates no exceptions for attorneys – even when that conduct falls within conduct traditionally performed only by attorneys. *Id*. For example, there is no "litigation privilege" for debt collecting attorneys. *Sayyed v. Wolpoff & Abramson*, 485 F.3d 226 (4th Cir. 2007). "Attorneys who regularly engage in debt collection or debt collection litigation are covered by the FDCPA, and *their litigation activities must comply with the requirements of that Act.*" *Piper v. Portnoff Law Associates*, 396 F.3d 227, 232 (3d Cir. 2005) (emphasis added).

20. The Plaintiff seeks statutory damages, attorney's fees, costs, and all other relief, equitable or legal in nature, as deemed appropriate by this Court, pursuant to the FDCPA and all

other common law or statutory regimes. The Plaintiff requests an award of statutory, common law, punitive, and/or actual damages payable by Defendants.

### IV. FACTS CONCERNING PLAINTIFF

21. Sometime prior to August 15, 2014, Plaintiff allegedly incurred and defaulted on an automobile loan to Toyota Motor Credit Corporation ("Toyota Obligation").

22. The Toyota Obligation arose out of a transaction in which the money, property, insurance, or services, which are the subject of the transaction, are primarily for personal, family, or household purposes.

23. RUBIN & ROTHMAN contends the Toyota Obligation is in default.

24. The alleged Toyota Obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

25. Plaintiff is, at all times relevant to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

26. Plaintiff is informed and believes, and on that basis alleges, that sometime prior to November 7, 2014, the creditor of the Toyota Obligation either directly or through intermediate transactions assigned, placed, or transferred the debt to RUBIN & ROTHMAN for collection.

27. RUBIN & ROTHMAN collects, and attempts to collect, debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone, and Internet.

28. RUBIN & ROTHMAN is, at all times relevant to this complaint, a "debt collector" as defined by 15 U.S.C. § 1692a(6).

29. On or about November 7, 2014, RUBIN & ROTHMAN mailed a collection letter concerning the Toyota Obligation, which is dated November 7, 2014. ("11/7/2014 Letter"). A true and correct copy of the 11/7/2014 Letter is attached hereto as *Exhibit A*, except that the

undersigned counsel has, in accordance with Fed. R. Civ. P. 5.2, partially redacted the financial account numbers in an effort to protect Plaintiff's privacy.

30. The 11/7/2014 Letter was drafted and mailed to Plaintiff by persons employed by RUBIN & ROTHMAN as a "debt collector" as defined by 15 U.S.C. § 1692a(6).

31. The 11/7/2014 Letter was sent to Plaintiff in connection with the collection of a "debt" as defined by 15 U.S.C. § 1692a(5).

32. The 11/7/2014 Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

33. On information and belief, the 11/7/2014 Letter is a mass-produced, computer-generated, form letter that is prepared by the Defendants and mailed to consumers in the State of New Jersey, such as Plaintiff, from whom they are attempting to collect a debt.

34. The 11/7/2014 Letter states, in the subject line, "AMOUNT OF DEBT: $8,537.52 *" (Emphasis in Original).

35. The First Paragraph of the 11/7/2014 Letter states, in the subject line, "As of the date of this letter, the current creditor has a claim against you in the above amount"—i.e, $8,537.52.

36. The 11/7/2014 Letter is signed by "RUBIN & ROTHMAN, LLC."

37. The 11/7/2014 Letter falsely represents and implies that a licensed attorney was directly and/or personally involved in reviewing Plaintiff's file, account, loan and/or records prior to the 11/7/2014 Letter being mailed.

38. After receiving the 11/7/14 Letter, Plaintiff reasonably inferred, as would a "least sophisticated consumer," that the creditor was proceeding more aggressively as the creditor incurred the expense of hiring a law firm, whose multiple attorneys were personally involved with the review and collection of the Toyota Obligation.

39. Plaintiff is informed and believes, and on that basis alleges, that the Defendants have a deliberate policy and practice of sending consumers, such as Plaintiff, computer-generated, mass-produced, letters—in the form of the 11/7/2014 Letter—that falsely imply an attorney has engaged in meaningful attorney review or involvement prior to the mailing of those letters.

40. Sometime after receiving the 11/7/2014 Letter, Plaintiff became informed and now believes, and on that basis alleges, that the 11/7/2014 Letter is actually a computer-generated, mass-produced, collection letter that is blindly sent *en masse* to consumers at-large in the State of New Jersey without any meaningful attorney review or involvement and with no intention of ever providing such a review or involvement

41. In a further attempt to collect the Toyota Obligation, RUBIN & ROTHMAN commenced a lawsuit against Plaintiff by filing a complaint ("Collection Complaint") on January 20, 2015, in the in the Superior Court of New Jersey, Law Division, Special Civil Part, Bergen County, entitled "Toyota Motor Credit Corporation as Assignee of Toyota of Hackensack vs. Richard Dickon" and designated in that court by Docket No. DC-000760-15.

42. A true and correct copy of the Collection Complaint is attached hereto as ***Exhibit B***, except that the undersigned counsel has, in accordance with Fed. R. Civ. P. 5.2, partially redacted the financial account numbers and Plaintiff's home address in an effort to protect Plaintiff's privacy.

43. The Collection Complaint is a "communication" as defined by 15 U.S.C. §1692a(2).

44. Paragraph Two of the Collection Complaint alleges that Plaintiff owes "$8,009.09 [], together with the attorney's fees provided therein in the sum of $683.03, less credits $175.18

[], making a total of $8,692.12, plus interest from 3/22/14 and such late charges as may be provided."

45. The Collection Complaint demanded judgment against Plaintiff for $8,692.12, *plus* "LATE CHARGES AND INTEREST AND COSTS OF SUIT." (Emphasis in Original").

46. The Collection Complaint purports to be personally signed by David Kowalenko in his capacity as a New Jersey licensed attorney.

47. Defendant was not legally or contractually entitled to recover "late fees."

48. Defendant was not legally or contractually entitled to recover the "attorney's fees" demanded in the Collection Complaint.

49. The 11/7/2014 Letter does not disclose that the "AMOUNT OF DEBT: $8,537.52" included late charges.

50. The 11/7/2014 Letter does not disclose that the "AMOUNT OF DEBT: $8,537.52" included "attorney's fees."

51. The 11/7/2014 Letter does not disclose that the "AMOUNT OF DEBT: $8,537.52" would increase in the future due to the imposition of "late charges."

52. The 11/7/2014 Letter does not disclose that the "AMOUNT OF DEBT: $8,537.52" would increase in the future due to the imposition of "attorney's fees."

53. Plaintiff is informed and believes, and on that basis alleges, that the Collection Complaint seeks to collect interest, fees, and costs, to which RUBIN & ROTHMAN had no legal or contractual basis to collect.

54. Plaintiff is informed and believes, and on that basis alleges, that RUBIN & ROTHMAN failed to conduct a reasonable investigation concerning the factual and legal claims prior to filing the Collection Complaint.

55. By signing the Collection Complaint, David Kowalenko certified that he read the Collection Complaint and that, "to the best of his … knowledge, information, and belief, formed after an inquiry reasonable under the circumstances," "the factual allegations have evidentiary support". New Jersey Court Rule 1:4-8(a); *cf.*, Fed. R. Civ. P. 11.

56. Plaintiff is informed and believes, and on that basis alleges, that RUBIN & ROTHMAN files hundreds of lawsuits each year against consumers in the State of New Jersey that are substantively identical to the Collection Complaint.

57. The Collection Complaint falsely represents and implies that a licensed attorney was directly and/or personally involved in reviewing Plaintiff's file, account, loan and/or records prior to the Collection Complaint being filed.

58. After receiving the Collection Complaint, Plaintiff reasonably inferred, as would a "least sophisticated consumer," that the creditor was proceeding more aggressively as the creditor incurred the expense of hiring a licensed attorney who was personally involved with the review and collection of the Toyota Obligation by way of filing a lawsuit against him.

59. Sometime after receiving the Collection Complaint, Plaintiff became informed and now believes, and on that basis alleges, that the Collection Complaint is actually a computer-generated, mass-produced, that was filed and served without any meaningful attorney review or involvement and with no intention of ever providing such a review or involvement.

60. Plaintiff is informed and believes, and on that basis alleges, that the Defendants have a policy and practice of filing collection lawsuits against consumers, such as Plaintiff, that are computer-generated and mass-produced—in the form of the Collection Complaint—that falsely imply that an attorney has engaged in meaningful attorney review or involvement prior to filing and serving those complaints.

## V.  POLICIES AND PRACTICES COMPLAINED OF

61.	It is Defendants' policy and practice to send initial written collection communications, in the form attached as *Exhibit A*, in connection with the collection of alleged consumer debts, which make false, deceptive, and misleading representations that any person is an attorney or that any communication is from an attorney.

62.	Such policies and practices are in violation of 15 U.S.C. §§ 1692e, 1692e(2), 1692e(3), 1692e(5), 1692e(10), 1692f, 1692f(1), and 1692g(a).

63.	"Abuses by attorney debt collectors are more egregious than those of lay collectors because a consumer reacts with far more duress to an attorney's improper threat of legal action than to a debt collection agency committing the same practice."  *Crossley v. Lieberman*, 868 F.2d 566, 570 (3d Cir. 1989).

64.	On information and belief, the written communications, as alleged in this complaint under the Facts Concerning Plaintiff, number in the hundreds.

## VI.  CLASS ALLEGATIONS

65.	This action is brought as a class action. Plaintiff brings this action on behalf of himself and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

66.	Plaintiff seeks to certify two classes.

67.	With respect to the First Class, this claim is brought on behalf of a class of (a) all natural persons in the State of New Jersey, (b) to whom RUBIN & ROTHMAN mailed a written communication in the form attached as *Exhibit A*, (c) that was not returned as undeliverable (d) in connection with its attempt to collect a debt, (e) which written communications failed to (i) correctly state the amount of the debt and that total balance was accruing late charges and

attorney's fees, and (ii) falsely implies a licensed attorney had conducted a meaningful review of the account prior to the mailing of those letters (f) during a period beginning one year prior to the filing of this initial action and ending 21 days after the filing of this Complaint.

68. With respect to the Second Class, this claim is brought on behalf of a class of (a) all natural persons in the State of New Jersey, (b) to whom RUBIN & ROTHMAN mailed/served a written communication in the form attached as *Exhibit B*, (c) that was not returned as undeliverable (d) in connection with its attempt to collect a debt on behalf of Toyota Motor Credit Corporation, (e) which written communications (i) made a demand for attorney's fees and/or late charges, and (ii) falsely implies a licensed attorney had conducted a meaningful investigation prior to signing and filing the communication, (f) during a period beginning one year prior to the filing of this initial action and ending 21 days after the filing of this Complaint.

69. The identities of all class members are readily ascertainable from the Defendants' business records and the records of those businesses and third-party entities on whose behalf they attempt to collect debts.

70. Excluded from the Class are the Defendants and all officers, members, partners, managers, directors, and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

71. There are questions of law and fact common to the Class, which common issues predominate over any issues involving only individual class members.

> (i) With respect to the First Class, the principal issues are whether RUBIN & ROTHMAN's written communications, in the form attached as *Exhibit A*, violate 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(3), 1692e(5), 1692e(10), 1692f, 1692f(1), and 1692g(a) (1); and

  (ii) With respect to the Second Class, the principal issues are whether RUBIN & ROTHMAN's written communications, in the form attached as ***Exhibit B***, violate 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(3), 1692e(5), 1692e(10), 1692f, and 1692f(1).

72. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

73. The Plaintiff will fairly and adequately protect the interests of the Classes defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor his attorneys have any interests, which might cause them not to vigorously pursue this action.

74. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

 (a) **<u>Numerosity:</u>** The Plaintiff is informed and believes, and on that basis alleges, that the Classes defined above is are numerous that joinder of all members would be impractical.

 (b) **<u>Common Questions Predominate:</u>** Common questions of law and fact exist as to all members of the Class and those questions predominate over any questions or issues involving only individual class members.

  (i) With respect to the First Class, the principal issues are whether RUBIN & ROTHMAN's written communications, in the form attached as Exhibit A, violate 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(3), 1692e(5), 1692e(10), 1692f, 1692f(1), and 1692g(a)(1); and

  (ii)  With respect to the Second Class, the principal issues are whether RUBIN & ROTHMAN's written communications, in the form attached as Exhibit B, violate 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(3), 1692e(5), 1692e(10), 1692f, and 1692f(1).

(c) **Typicality:** The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Classes have claims arising out of the Defendants' common uniform course of conduct complained of herein.

(d) **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor his counsel has any interests, which might cause them not to vigorously pursue the instant class action lawsuit

(e) **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

75. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is appropriate in that the questions of law and fact common to members of the Class predominate over any questions affecting an individual member, and a class action is superior to

other available methods for the fair and efficient adjudication of the controversy.

76. Based on discovery and further investigation (including, but not limited to, Defendants' disclosure of class size and net worth), Plaintiff may, in addition to moving for class certification using modified definitions of the Class, Class Claims, and the class period, and seek class certification only as to particular issues as permitted under Fed. R. Civ. P. 23(c)(4).

## VII.  FIRST CAUSE OF ACTION
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### (AGAINST ALL DEFENDANTS)

77. Plaintiff realleges and incorporates by reference the allegations in the preceding paragraphs of this Complaint.

78. Defendants violated the FDCPA. Defendants' violations with respect to their written communications, in the form attached as *Exhibit A*, include, but are not limited to, the following:

(a) Using false, deceptive, and misleading representations or means in connection with the collection of any debt in violation of 15 U.S.C. § 1692e;

(b) Making false, deceptive, and misleading representations concerning the character, amount, or legal status of any debt in violation of 15 U.S.C. §1692e(2)(A);

(c) Making false, deceptive, and misleading representations concerning any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt in violation of 15 U.S.C. §1692e(2)(B);

(d) Making false, deceptive, and misleading representations that the communications were drafted by, or received any meaningful review or involvement from, a licensed attorney prior to the mailing of said letters in violation of 15 U.S.C. §§1692e and 1692e(3);

(e) Making false threats to take action that cannot legally be taken and/or that is not intended to be taken in violation of 15 U.S.C. §§1692e and 1692e(5);

(f) Using false representations and/or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer in violation of 15 U.S.C. § 1692e(10);

(g) Using an unfair or unconscionable means to collect or attempt to collect any debt in violation of 15 U.S.C. § 1692f;

(h) Collecting amounts that are incidental to the principal obligation, which amounts are not expressly authorized by the agreement creating the debt or permitted by law in violation of 15 U.S.C. § 1692f(1); and

(i) Failing to correctly state the amount of the debt owed in violation of 15 U.S.C. §§ 1692e, 1692e(2)(A), and 1692g(a)(1).

## VIII.  SECOND CAUSE OF ACTION
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### (AGAINST ALL DEFENDANTS)

79. Plaintiff realleges and incorporates by reference the allegations in the preceding paragraphs of this Complaint.

80. Defendants violated the FDCPA. Defendants' violations with respect to their written communications, in the form attached as *Exhibit A*, include, but are not limited to, the following:

(a) Using false, deceptive, and misleading representations or means in connection with the collection of any debt in violation of 15 U.S.C. § 1692e;

(b) Making false, deceptive, and misleading representations concerning the character, amount, or legal status of any debt in violation of 15 U.S.C. §1692e(2)(A);

(c) Making false, deceptive, and misleading representations concerning any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt in violation of 15 U.S.C. §1692e(2)(B);

(d) Making false, deceptive, and misleading representations that the communications were drafted by, or received any meaningful review or involvement from, a licensed attorney prior to the mailing of said letters in violation of 15 U.S.C. §§1692e and 1692e(3);

(e) Making false threats to take action that cannot legally be taken and/or that is not intended to be taken in violation of 15 U.S.C. §§1692e and 1692e(5);

(f) Using false representations and/or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer in violation of 15 U.S.C. § 1692e(10);

(g) Using an unfair or unconscionable means to collect or attempt to collect any debt in violation of 15 U.S.C. § 1692f; and

(h) Collecting amounts that are incidental to the principal obligation, which amounts are not expressly authorized by the agreement creating the debt or permitted by law in violation of 15 U.S.C. § 1692f(1).

## IX.  PRAYER FOR RELIEF

81. WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in his favor and in favor of the Classes (defined *supra*) as follows:

A. **For the FIRST CAUSE OF ACTION**:

(i) An order certifying that the First Cause of Action may be maintained as a class pursuant to Rule 23 of the Federal Rules of Civil Procedure and appointing

    Plaintiff and the undersigned counsel to represent the First Class as previously set forth and defined above;

(ii) An award of actual damages for Plaintiff and the First Class pursuant to 15 U.S.C. § 1692k(a)(1);

(iii) An award of statutory damages for Plaintiff and the First Class pursuant to 15 U.S.C. § 1692k(a)(2);

(iv) Attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k(a)(3); and

(v) For such other and further relief as may be just and proper.

B. **For the SECOND CAUSE OF ACTION**:

(i) An order certifying that the First Cause of Action may be maintained as a class pursuant to Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and the undersigned counsel to represent the Second Class as previously set forth and defined above;

(ii) An award of actual damages for Plaintiff and the Second Class pursuant to 15 U.S.C. § 1692k(a)(1);

(iii) An award of statutory damages for Plaintiff and the Second Class pursuant to 15 U.S.C. § 1692k(a)(2);

(iv) Attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k(a)(3); and

(v) For such other and further relief as may be just and proper.

## X.  JURY DEMAND

Plaintiff hereby demands that this case be tried before a Jury.

| | |
|---|---|
| | *s/Philip D. Stern* |
| Dated: November 6, 2015 | Philip D. Stern |
| | STERN•THOMASSON LLP |
| | |
| | *s/ Andrew T. Thomasson* |
| | Andrew T. Thomasson |
| | STERN•THOMASSON LLP |
| | |
| | *s/Yongmoon Kim* |
| Dated: November 6, 2015 | Yongmoon Kim |
| | KIM LAW FIRM LLC |
| | |
| | *Attorneys for Plaintiff and all others similarly situated* |

**CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2**

I, Yongmoon Kim, Philip D. Stern, and Andrew T. Thomasson hereby certify that to the best of my knowledge the matter in controversy is not the subject of any other action pending in any court or the subject of a pending arbitration proceeding, nor is any other action or arbitration proceeding contemplated. I further certify that I know of no party, other than putative class members, who should be joined in the action at this time.

*In accordance with 28 U.S.C. §1746, I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.*

|  |  |
|---|---|
|  | *s/Philip D. Stern* |
| Dated: November 6, 2015 | Philip D. Stern |
|  | STERN•THOMASSON LLP |
|  |  |
|  | *s/ Andrew T. Thomasson* |
|  | Andrew T. Thomasson |
|  | STERN•THOMASSON LLP |
|  |  |
|  | *s/Yongmoon Kim* |
| Dated: November 6, 2015 | Yongmoon Kim |
|  | KIM LAW FIRM LLC |
|  |  |
|  | *Attorneys for Plaintiff and all others similarly situated* |