NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RICHARD DICKON,<br><br>              Plaintiff,<br><br>v.<br><br>RUBIN & ROTHMAN, LLC<br><br>              Defendant. | Civil Action No.: 15-7961 (JLL)<br><br>**OPINION** |

**LINARES,** District Judge.

This matter comes before the Court by way of Defendant Rubin & Rothman, LLC's filing of a motion to set aside the Clerk of Court's entry of default and to dismiss Plaintiff's Complaint or, alternatively, to permit the filing of an answer. (ECF No. 10, "Def.'s Mov. Br."). Plaintiff Richard Dickon has opposed Defendant's Motion (ECF No. 15, "Pl.'s Opp. Br."), and Defendant has replied to that opposition (ECF No. 23, "Def.'s Reply Br."). The Court decides this matter without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure. For the reasons set forth below, the Court grants Defendant's Motion to Vacate the Entry of Default, denies Defendant's Motion to Dismiss this matter, and permits Plaintiff (14) days to file an Answer to the Complaint.

## BACKGROUND

Plaintiff Richard Dickon filed the instant action on November 6, 2015 on behalf of himself and a putative class. (ECF No. 1, Complaint, "Compl."). Plaintiff alleges that Defendant Rubin & Rothman, LLC, a law firm operating out of New York, has violated the Fair Debt Collection

1

Practices Act by "using false, deceptive, misleading, unfair and unconscionable practices in connection with their attempt to collect an alleged debt from Plaintiff and others." (Compl. ¶ 9). Further, Plaintiff alleges that Defendant, in its capacity as debt collector operating on behalf of Toyota Motor Credit Corporation, "files hundreds of lawsuits each year against consumers in the State of New Jersey" and that those lawsuits "falsely represent[] and impl[y] that a licensed attorney was directly and/or personally involved in reviewing Plaintiff's file, account, loan and/or records prior to the [lawsuits] being filed." (Id. ¶ 57). Additionally, Plaintiff alleges that a lawsuit that Defendant filed in New Jersey Superior Court against Plaintiff and other members of the putative class "seeks to collect interests, fees, and costs, to which [Defendant] has no legal or contractual basis to collect." (Id. ¶ 53).

The record reflects that Defendant was served with the Summons and Complaint on December 11, 2015. (ECF No. 3). However, Defendant did not timely answer or otherwise respond to the Complaint. Accordingly, on January 4, 2016, the undersigned issued an Order directing Plaintiff's counsel to move this action by either requesting that a default be entered or submitting an extension to answer out of time. (ECF No. 4). Plaintiff moved for the entry of default on January 5, 2016, which the Clerk of Court entered that same day. Then, on January 14, 2016, this Court entered an Order directing Plaintiff to request an entry of default judgment or submit an extension to answer out of time. (ECF No. 6).

In response to the Court's January 14, 2016 letter, Plaintiff filed a motion for an extension of time to request an entry of default judgment. (ECF No. 7). Plaintiff's counsel requested an extension to permit Plaintiff to "obtain discovery, move for class certification and, once the Court has rendered a decision on class certification, [to] permit Plaintiff to move for the entry of judgment." (Id). The Court granted Plaintiff's request. (ECF No. 8).

2

After filing this Complaint, on November 30, 2015, Plaintiff filed for Chapter 7 Bankruptcy. (ECF No. 15-1, Declaration of Yongmoon Kim, "Kim Decl." ¶ 3, Exh. A). Plaintiff's Bankruptcy Petition notified the Bankruptcy Court of this lawsuit. In particular, Plaintiff listed this action as an asset on Schedule B of his Petition and listed the lawsuit as property to be exempt from the Bankruptcy estate on Schedule C of his Petition. (Id. ¶ 9, Exh. A at 9).

A hearing was held before the bankruptcy Trustee, Jay L. Lubetkin, on January 7, 2016. (Kim Decl. ¶ 6). On January 11, 2016, Mr. Lubetkin filed a Chapter 7 Trustee's Report of No Distribution, in which he stated that he "ha[s] made a diligent inquiry into the financial affairs of the debtor(s) and the location of the property belonging to the estate; and that there is no property available for distribution from the estate over and above that exempted by law." (Kim Decl. ¶¶ 7-8, Exh. B). Mr. Lubetkin then certified that Mr. Dickon's bankruptcy estate "ha[d] been fully administered" and requested to be discharged as Trustee. (Id.). On March 11, 2016, the Bankruptcy Court entered an Order of Discharge. (Id. ¶ 9, Exh. C).

On February 9, 2016, prior to the entry of an Order of Discharge in Plaintiff's Bankruptcy proceeding, Defendant filed the pending Motion to set aside the entry of default and also to dismiss Plaintiff's Complaint or, alternatively, to permit the filing of an answer to the Complaint. (ECF No. 10). Plaintiff has opposed his Motion (ECF No. 15), and Defendant has replied to same (ECF No. 23).

## DISCUSSION

### A. Defendant's Motion to Set Aside the Clerk's Entry of Default

3

Defendant now moves for an Order setting aside the Clerk's Entry of Default. Under Rule 55 of the Federal Rules of Civil Procedure, a court may set aside an entry of default for "good cause." Fed. R. Civ. P. 55(c). The Third Circuit expressly disfavors default judgments, preferring that cases be adjudicated on their merits. *See, e.g., Zawadski de Bueno v. Bueno Castro*, 822 F.2d 416, 420 (3d Cir. 1987). Moreover, adjudication of a motion to set aside default "is left primarily to the discretion of the district court." *Bailey v. United Airlines*, 279 F.3d 194, 204 (3d Cir.2002). That said, Courts considering a motion to vacate the entry of default consider "(1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; [and] (3) whether the default was the result of the defendant's culpable conduct." *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984); *see also Getty Petroleum Marketing, Inc. v. Saini*, No. 05–4732, 2007 WL 465451, at *2 (D.N.J. Feb.7, 2007).

As to the first prong, there is simply no indication before the Court that Plaintiff would be prejudiced in any meaningful way by having his case decided on the merits. That is, Plaintiff "has not suggested that [his] ability to pursue [his] claim[s] has been hindered since the entry of [default]." *Feliciano v. Reliant Tooling Co., Ltd.*, 691 F.2d 653, 657 (3d Cir. 1982). Plaintiff "has not asserted loss of available evidence, increased potential for fraud or collusion, or substantial reliance upon the [entry of default] to support a finding of prejudice." *Id.; see also Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987). Instead, Plaintiff argues that "Plaintiff's counsel has expended time and expenses which would not have been expended but for Defendant's delays. The failure to compensate them is prejudicial because it penalizes them for doing what they were supposed to do." (Pl.'s Opp. Br. at 17). The Court is not persuaded that the hard work of Plaintiff's counsel has materially prejudiced Plaintiff's ability to prosecute this litigation.

4

Second, the Court finds that Defendant has sufficiently argued that it can present evidence of a meritorious defense to Plaintiff's claims. (See Def.'s Mov. Br. at 7-8).[1] In particular, Defendant maintains that the evidence will show, *inter alia*, that (contrary to Plaintiff's allegations), the demand letter Defendant sent to Plaintiff from which some of his claims arise was in fact reviewed by an attorney and that the monies Rubin & Rothman sought in its collection action were properly due under the express terms of the retail installment contract. (Id.).[2]

Lastly, the Court considers whether Defendant's failure to timely answer or otherwise respond to the Complaint can be attributed to Defendant's culpable conduct. The record reflects that Defendant was served with the Summons and Complaint on December 11, 2015. (ECF No. 3). Accordingly, Defendant's responsive filing was due on January 4, 2016. See Fed. R. Civ. P. 12(a).[3] The Clerk properly entered default against Defendant on January 5, 2016, but Defense counsel did not enter an appearance on the record until almost one month later, on February 2, 2016 (ECF No. 9). Defendant did not file the pending Motion until February 9, 2016 (ECF No. 10).

The parties have submitted arguments and affidavits detailing a history of back-and-forth communications between their respective attorneys. In short, both parties appear to insinuate that the other dragged its feet and was non-cooperative in consenting to relief from the Entry of Default.

---

[1] Plaintiff contends that "Defendant should be estopped from pursuing a determination on [the merits] issue because Plaintiff is prevented from contesting it." (Pl.'s Opp. Br. 19). Plaintiff appears to argue that because the issue of class certification is typically dealt with prior to a determination on the merits, if the Court were to find that Defendant may have a meritorious defense to the claims, then Plaintiff would somehow be prejudiced. To this argument, the Court only notes that its determination that Defendant has offered a *prima facie* showing of a meritorious defense to these claims is not and cannot be construed as the Court offering any opinion on the merits of Plaintiff's claim.

[2] Defendant also argues that it has meritorious defenses to the certification of the putative class. (Def.'s Mov. Br. at 9-13). At this stage of the litigation, however, the Court will not consider whether Defendant has viable defenses to the certification of a class action, nor is the existence of defenses to class certification relevant to Defendant's motion to set aside the entry of default.

[3] Pursuant to Rule 12(a)'s directive, a defendant has 21 days from service of process to file a responsive pleading. Thus, Defendant's responsive pleading would have been due on New Year's Day, 2016. However, Rule 6(a)(1)(c) explains that where, as here, a filing deadline falls on a legal holiday such as New Year's Day, the filing period "run[s] until the end of the next day that is not a Saturday, Sunday, or legal holiday." Accordingly, Defendant's responsive pleading was due on January 4, 2016.

5

The Court has considered these arguments, but declines to parse them herein. That said, the Court appreciates Defendant's explanation, which it expressed to Plaintiff's counsel early-on, that in light of the bankruptcy petition—which Plaintiff filed after initiating this action and before serving Defendant with process—Defendant did not believe that Plaintiff maintained standing to pursue this action. (Def.'s Mov. Br. at 14-15).

When a debtor files for Chapter 7 bankruptcy, a trustee is appointed as a "representative of the estate." 11 U.S.C. § 323(a). As representative of the debtor's estate, the trustee maintains the "*exclusive* right to sue on behalf of the bankruptcy estate." *See, e.g., Estate of Spiritos v. One San Bernardino County Superior Court Case Numbered SPR 02211*, 443 F.3d 1172, 1174 (7th Cir. 2006) (emphasis added); *see also In re Dionisio*, 2003 U.S. App. LEXIS 12432, *5 (3d Cir. Apr. 17, 2003); 11 U.S.C. §323(b). Stated differently, once a debtor has filed for Chapter 7 bankruptcy, he lacks standing to pursue any litigation in his own right. *See, e.g., Barris v. Midland Funding, LLC*, 14-cv-6469, 2015 WL 519176, *3 (D.N.J. Feb. 9, 2015); *see also in re Truong*, 2006 WL 4452984 (Bankr. D. N.J. May 3, 2006) ("[A] trustee is granted complete authority and discretion with respect to the prosecution and defenses of any litigation of the debtor's estate."). In light of this law, Defendant reasonably believed that Plaintiff lacked standing to continue to prosecute this matter as of the date he filed for Chapter 7 Bankruptcy.

Thus, although the Court notes that Defendant should have presented this argument to the Court well before the February 9th filing of this Motion, the Court finds that it was not the intent of Defendant and its attorneys act "willfully" or in "bad faith" to ignore the Complaint. *See, e.g., Hritz v. Woma Corp.*, 732 F.2d 1178, 1182-83 (3d Cir. 1984) ("[T]he standard for 'culpable conduct' in this Circuit is the 'willfulness' or 'bad faith' of a non-responding defendant."). For

6

the same reason, the Court denies Plaintiff's request to direct Defendant to pay sanctions as a condition to setting aside default. (See Pl.'s Opp. Br. at 22).

In light of the foregoing, and given the Court's general preference for deciding cases on the merits, the Court finds that Defendant has demonstrated good cause to vacate the Clerk's Entry of Default. *See generally $55,518.05 in U.S. Currency,* 728 F.2d at 195 ("[T]his court does not favor entry of defaults or default judgments. We require doubtful cases to be resolved in favor of the party moving to set aside the default judgment 'so that cases may be decided on their merits.'") (citations omitted). Thus, the Clerk's Entry of Default against Defendant is hereby vacated, as is this Court's January 27, 2016 Order granting Plaintiff an extension of time to move for default judgment and setting discovery deadlines.

### B. Motion to Dismiss

In addition to seeking a vacation of the entry of default, Defendant has moved to dismiss Plaintiff's Complaint for lack of jurisdictional standing pursuant to Rule 12(b)(1). As discussed above, in its moving brief, Defendant argued that "Plaintiff lacks prudential standing[ ] because he is a Chapter 7 debtor in bankruptcy and it is hornbook law that only the bankruptcy trustee has standing to prosecute his claim." (Def.'s Mov. Br. at 6). After Defendant's motion was filed, on March 11, 2016, the Bankruptcy Court entered an Order of Discharge in Bankruptcy that closed the bankruptcy matter. In light of this recent discharge, Defendant now concedes that as of March 11, 2016, Plaintiff has standing to litigate this action. (Def.'s Reply Br. at 1). Accordingly, the Court finds that to the extent Defendant still seeks dismissal of this action for lack of standing, that request is now moot. Defendant's motion to dismiss this action for lack of standing is denied.

### **CONCLUSION**

For the reasons stated herein, Defendant's Motion to Vacate the Entry of Default is granted. However, Defendant's motion to dismiss the Complaint is denied, and the Court will permit Defendant fourteen (14) days from the entry of this Order to file an Answer to the Complaint. An appropriate Order accompanies this Opinion.

IT IS SO ORDERED.

DATED: 4 April of, 2016

JOSE L. LINARES
UNITED STATES DISTRICT JUDGE